**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

Case No.

CHRISTINA CAMPBELL,

**Plaintiff,**

**v.**

**JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT, INC.,

**Defendant.**
_______________________________________/

# COMPLAINT

Plaintiff Christina Campbell ("Plaintiff") sues Defendant Midland Credit Management, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Colin County, Texas.

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Colin County, Texas.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing in Colin County, Texas.

5. Defendant is a Kansas corporation, with its principal place of business located in San Diego, California.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7. On or about July 26, 2026, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. Section 1692c(a)2 of the FDCPA prohibits a "debt collector," without prior consent from the "consumer," from communicating with said consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless

the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. §1692c(a)2.

**The Violative Conduct**

15. On or about July 26, 2026, Defendant attempted to collect the Consumer Debt by and through a collection communication (the "First Collection Communication").

16. Attached as "Exhibit A" is a copy of the First Collection Communication.

17. On or about August 13, 2025, Plaintiff sent Defendant a letter informing Defendant that Plaintiff is represented by an Attorney and to cease all communications (the "Cease and Desist Letter").

18. A screenshot of the Cease and Desist Letter is attached hereto as "Exhibit B."

19. Upon information and belief, the Cease and Desist Letter was received by Defendant on August 24, 2025.

20. Upon receipt of the Cease and Desist Letter, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

21. On or about August 28, 2025, despite knowing that Plaintiff had requested Defendant to stop contacting them, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication").

22. A screenshot of the Second Collection Communication is attached hereto as "Exhibit C."

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)2**

23. Plaintiff incorporates by reference paragraphs 1-22 of this Complaint as though fully stated herein.

24. Section 1692c(a)2 of the FDCPA prohibits a "debt collector," without prior consent from the "consumer," from communicating with said consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. §1692c(a)2.

25. As set forth above, Defendant was informed by and through the Cease and Desist Letter that Plaintiff was represented by an Attorney.

26. Defendant communicated with Plaintiff directly when it sent the Second Collection Communication despite.

27. Accordingly, Defendant violated 15 U.S.C. § 1692c(a)2 by and through the Second Collection Communication.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) An order declaring that Defendant's actions, as set out above, violated 15 U.S.C. § 1692c;

(c) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(e) Any other relief that this Court deems appropriate under the circumstances.

DATED: August 12, 2026

/s/ Samuel J. Awad .
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
Also Barred in EDTX
E-mail: samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-315-1606

COUNSEL FOR PLAINTIFF